IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **ADAM MULLEDY**, on behalf of himself and all other similarly situated persons,<br><br>        Plaintiff,<br><br>  v.<br><br>**AMERICAN AIR FURNACE COMPANY**,<br><br>        Defendant. | CASE NO. _____<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>**JURY DEMAND ENDORSED HEREON** |

Plaintiff Adam Mulledy files this Complaint against Defendant American Air Furnace Company d/b/a American Air Comfort Tech d/b/a American Air Furnace Inc. d/b/a American Air Heating and Cooling d/b/a American Air Heating, Cooling, Electric & Plumbing (Defendant), seeking all available relief under the Fair Labor Standards Act of 1938, 29 U.S.C. § 201, *et seq*. (FLSA); and Ohio Revised Code (O.R.C.) § 4111.03(D) (Ohio Overtime Law) and § 4113.15 (Ohio Prompt Pay Act or OPPA) (collectively Ohio Wage Laws). The following allegations are based on personal knowledge of Plaintiff's own conduct, and upon information and belief as to the conduct and acts of others:

## INTRODUCTION

1. This case challenges policies and practices of Defendant that violate the FLSA and the Ohio Wage Laws.

2. Plaintiff brings this case as a collective action on behalf of himself and other similarly situated persons who have joined or may join this case pursuant to 29 U.S.C. § 216(b) (the Opt-Ins).

3. Plaintiff also brings this case as a class action pursuant to Fed. R. Civ. P. 23 on behalf of himself and others like him who worked for Defendant in Ohio and suffered the same harms described below.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. §1331 and 29 U.S.C. § 216(b).

5. Venue is proper in this judicial district and division pursuant to 28 U.S.C. § 1391(b) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this judicial district.

6. The Court has supplemental jurisdiction over the asserted Ohio claims pursuant to 28 U.S.C. § 1367 because the claims are so related to the FLSA claims as to form part of the same case or controversy.

## PARTIES

7. At all times relevant, Plaintiff has been a citizen of the United States and employed by Defendant within this district and division. Plaintiff's written consent to join is attached as **Exhibit A**.

8. Defendant is a for-profit Ohio corporation with its principle place of business located in Grove City, Ohio (Franklin County). Defendant does business as "American Air Comfort Tech", "American Air Furnace Inc.", "American Air Heating and Cooling", and/or "American Air Heating, Cooling, Electric & Plumbing". Defendant can be served through its registered agent: Timothy E. Miller, at 250 E. Broad ST., Suite 900, Columbus OH 43215.

## FACTUAL ALLEGATIONS

9. At all times relevant, Defendant has been an "employer" within the meaning of the FLSA and the Ohio Wage Laws.

10. At all relevant times, Plaintiff and those similarly situated were "employees" of Defendant.

11. At all relevant times, Defendant has been an enterprise within the meaning of 29 U.S.C. § 203(r), and an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1).

12. Defendant provides full-service installation, maintenance, and repair on HVAC, plumbing, and electrical systems throughout the Columbus, Ohio area.[1]

13. Defendant employed Plaintiff as a non-exempt hourly electrician from approximately January to July 22, 2020.

14. Plaintiff's hourly rate was approximately $25.00.

15. Defendant employs and employed other similarly situated non-exempt hourly employees as HVAC technicians, plumbers and electricians.

16. Plaintiff estimates there are approximately 20 to 30 or more similarly situated hourly employees.

17. Plaintiff and others similarly situated regularly worked more than 40 hours per week. They recorded their hours on handwritten time sheets.

18. However, Defendant regularly altered the handwritten recorded work time, often reducing the total hours worked to 40 or below in a workweek.

---

[1] https://americanairheating.com/ (last viewed 9/30/20).

3

19. Plaintiff estimates that approximately 5 to 10 hours of work were not paid as a result of Defendant's company-wide practice of altering work time.

20. Defendant's company-wide practice of altering work time resulted in unpaid overtime in violation of the FLSA and the Ohio Overtime Law.

## COLLECTIVE ACTION ALLEGATIONS

21. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

22. Plaintiff brings this case as a "collective action" pursuant to 29 U.S.C. § 216(b) on behalf of the following collective:

> **All present and former full-time hourly employees employed by Defendant during the period three (3) years preceding the commencement of this action through its final disposition ("FLSA Collective")**.

23. Such persons are "similarly situated" with respect to Defendant's FLSA violations in that all were hourly employees of Defendant, and all were subjected to and injured by Defendant's unlawful practices of failing to pay them all overtime hours worked at a rate of at least one and one-half times their regular rate.

24. The FLSA Collective Members have the same claims against Defendant for unpaid overtime compensation as well as for liquidated damages, attorneys' fees, and costs.

25. Conditional certification of this case as a collective action pursuant to 29 U.S.C. §216(b) is proper and necessary so that such persons may be sent a Court-authorized notice informing them of the pendency of this action and giving them the opportunity to "opt in."

26. Plaintiff cannot yet state the exact number of similarly situated persons but estimates approximately up to 30 or more similarly situated employees during the relevant time

period. Such persons are readily identifiable through the payroll records that Defendant are presumed to have maintained and were required to maintain pursuant to the FLSA and Ohio law.

27. To the extent Defendant failed to keep records as required by law, Plaintiff and those similarly situated are entitled to a reasonable estimate of hours worked.

## OHIO RULE 23 CLASS ACTION ALLEGATIONS

28. Plaintiff further brings this action pursuant to Fed. R. Civ. P. 23(a) and (b)(3) on behalf of himself and the following class:

> **All present and former full-time hourly employees employed by Defendant in Ohio during the period two (2) years preceding the commencement of this action through its final disposition ("Ohio Class").**

29. The Ohio Class is so numerous that joinder of all class members is impracticable. Plaintiff is unable to state the exact size of the potential Ohio Class, which will be in Defendant's records if kept, but estimates that it is approximately up to 30 or more individuals within the relevant time period.

30. There are questions of law or fact common to the Ohio Class including: whether Defendant failed to pay them for all hours worked and whether underpayment of overtime wages remain unpaid.

31. Plaintiff will adequately protect the interests of the Ohio Class Members. His interests are not antagonistic to but, rather, are in unison with, the interests of the Ohio Class Members. Plaintiff's counsel has broad experience in handling class action wage-and-hour litigation and is fully qualified to prosecute the claims of the Ohio Class in this case.

32. The questions of law or fact that are common to the Ohio Class predominate over any questions affecting only individual members. The primary questions that will determine

Defendant's liability to the class are common to each class as a whole and predominate over any questions affecting only individual class members.

33. Class action treatment is superior to other available methods for the fair and efficient adjudication of this controversy. Requiring Ohio Class Members to pursue their claims individually would entail a host of separate suits, with concomitant duplication of costs, attorneys' fees, and demands on court resources. Many Ohio Class Members' claims are sufficiently small that they would be reluctant to incur the substantial cost, expense, and risk of pursuing their claims individually. Certification of this case pursuant to Fed. R. Civ. P. 23 will enable the issues to be adjudicated for all class members with the efficiencies of class litigation.

## COUNT ONE
### (Violations of the FLSA)

34. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

35. Plaintiff brings this claim for violation of the FLSA's overtime provisions on behalf of himself and the Opt-Ins who will join this case pursuant to 29 U.S.C. § 216(b).

36. Defendant was covered by the FLSA and the FLSA Collective Members were not exempt from the protections of the FLSA.

37. The FLSA requires that non-exempt employees be paid at a rate of one and one-half times their regular rate for every hour worked in excess of 40 in a workweek.

38. Defendant had a companywide policy of not paying the FLSA Collective Members for all hours worked which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

39. Defendant knew or should have known that their conduct described herein violated the law. By engaging in these practices, Defendant willfully violated the FLSA and regulations thereunder that have the force and effect of law.

40. As a result of Defendant's violations of the FLSA, Plaintiff and those similarly situated were injured in that they did not receive all overtime compensation due to them. Section 16(b) of the FLSA entitles them to an award of "unpaid overtime compensation" as well as "an additional equal amount as liquidated damages." Section 16(b) of the FLSA further provides that "[t]he court … shall, in addition to any judgment awarded to the plaintiff or Plaintiff, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."

41. As a result of Defendant's practices, Plaintiff and the FLSA Collective Members have been harmed in that they have not received wages due to them pursuant to the FLSA; and because wages remain unpaid, damages continue.

## COUNT TWO
### (Ohio Overtime and OPPA - Class Violations)

42. Plaintiff incorporates by reference the foregoing allegations as if fully rewritten herein.

43. Defendant is an "employer" covered by the overtime requirements set forth in the Ohio Wage Laws.

44. The Ohio Overtime Law requires that non-exempt employees be paid for hours worked in excess of 40 in a workweek at a rate of not less than one and one-half their regular rates.

45. As employees of Defendant, Plaintiff and the Ohio Class Members work or worked more than 40 hours in a workweek but were not paid all overtime compensation earned for hours worked in excess of 40.

46. Defendant had a companywide policy of not paying the Ohio Class Members for all hours worked which resulted in the underpayment of overtime compensation earned for hours worked in excess of 40 in a workweek.

47. Plaintiff and the Ohio Class Members are not exempt under the Ohio Wage Laws.

48. Defendant's practice and policy of not paying Plaintiff and the Ohio Class Members all overtime compensation earned at one and one-half times their correctly calculated regular rate of pay violated the Ohio Overtime Law.

49. Additionally, the OPPA requires Defendant to pay Plaintiff and the Ohio Class Members all wages, including overtime, on or before the first day of each month, for wages earned by them during the first half of the preceding month ending with the fifteenth day thereof, and on or before the fifteenth day of each month, for wages earned by them during the last half of the preceding calendar month. *See* O.R.C. § 4113.15(A).

50. During relevant times, Plaintiff and the Ohio Class Members were not paid all overtime wages earned within 30 days of performing the work. *See* O.R.C. § 4113.15(B).

51. Plaintiff's and the Ohio Class Members' earned overtime compensation remains unpaid for more than 30 days beyond their regularly scheduled payday.

52. The OPPA provides for liquidated damages in an amount equal to six percent (6%) of the amount of the claim still unpaid or two hundred dollars per pay period, whichever is greater.

53. By engaging in the above-mentioned conduct, Defendant willfully, knowingly, and/or recklessly violated provisions of the Ohio Wage Laws.

54. As a result of Defendant's practices, Plaintiff and the Ohio Class members have been harmed in that they have not received wages due to them pursuant to the Ohio Wage Laws; and because wages remain unpaid, damages continue.

55. Pursuant to the Ohio Revised Code, Plaintiff is entitled to attorneys' fees and costs incurred.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that the Court:

A. Conditionally certify this case as a "collective action" pursuant to 29 U.S.C. §216(b), and direct that Court-approved notice be issued to similarly situated individuals informing them of this action and enabling them to opt-in;

B. Enter judgment against Defendant, and in favor of Plaintiff, the Opt-Ins who join this case pursuant to 29 U.S.C. § 216(b), and the Ohio Class Members;

C. Award Plaintiff, and the collective and class he represents, actual damages for unpaid wages and liquidated damages as provided under the FLSA and Ohio law;

D. Award Plaintiff, and the collective and class he represents, pre-judgment and/or post-judgment interest at the statutory rate;

E. Award Plaintiff, and the collective and class he represents, attorneys' fees, costs, and disbursements; and

F. Award Plaintiff, and the collective and class he represents, further and additional relief as this Court deems just and proper.

Respectfully submitted,

**NILGES DRAHER LLC**

*/s/ Robi J. Baishnab*
Robi J. Baishnab (0086195)
34 N. High St., Ste. 502
Columbus, OH 43215
Telephone: (614) 824-5770
Facsimile: (330) 754-1430
Email: rbaishnab@ohlaborlaw.com

Hans A. Nilges (0076017)
Shannon M. Draher (0074304)
7266 Portage Street, N.W., Suite D
Massillon, OH 44646
Telephone: (330) 470-4428
Facsimile: (330) 754-1430
Email: hans@ohlaborlaw.com
       sdraher@ohlaborlaw.com

*Counsel for Plaintiff*

## JURY DEMAND

Plaintiff hereby demand a trial by jury on all issues so triable.

*/s/ Robi J. Baishnab*
Counsel for Plaintiff
